## LEVI MEIERS

### v.

## A. W. H. REEN.

ASSUMPSIT.—As there was no evidence of payment or set-off sufficient to defeat plaintiff's right of recovery it was error in the court not to instruct the jury to find for the plaintiff the amount due.

ERROR to the County County of Peoria county; the Hon. L. W. JAMES, Judge, presiding. Opinion filed August 7, 1885.

Mr. W. G. RANDALL and Mr. I. J. LEVINSON, for plaintiff in error; cited Wallace v. Rappleye, 103 Ill. 253.

Mr. JOHN B. STEVENS and Mr. NICHOLAS ULRICH, for defendant in error.

WELCH, J. This was an action of assumpsit brought before a justice of the peace by appellant against appellee and appealed to the Peoria County Court, to recover a balance of nine dollars and fifty cents due him on a sale to defendant of

a watch and chain valued at nineteen dollars and fifty cents on which defendant had paid ten dollars in cash, and sought to show payment of the balance of nine dollars and fifty cents, with a bill he held against the son of appellant. On the trial in the Peoria County Court a verdict was rendered in favor of appellee; motion for new trial; motion overruled, and judgment in favor of the appellee for costs; from which judgment this appeal is prosecuted.

There is no dispute that defendant purchased from the plaintiff's clerk at plaintiff's store in the absence of plaintiff the goods mentioned; that the price was nineteen dollars and fifty cents, and that he paid on the account ten dollars, leaving a balance due on the goods of nine dollars and fifty cents. Has this balance ever been paid? To show payment the defendant claims that plaintiff's son, Gabriel, owed him a debt contracted in 1878 or 1879, of which the son paid a part leaving a balance of some nine dollars and seventy cents. That in a conversation with the plaintiff about this indebtedness of the son and while the son was the owner of the store, the plaintiff said to the defendant, " Why don't you come to the store and take it out? " Some one or two years after this conversation, and after the son had parted with his interest in the business, he went to the plaintiff's store and in his absence purchased and received from plaintiff's clerk the goods, for the balance due on which this suit is brought. Nothing was said by the defendant at the time of the purchase in regard to the claim he held against the son or that the same was to be taken in part payment of the goods. The goods were charged by the clerk to the defendant, and when the bill was presented to him by the clerk for payment he paid ten dollars and claimed that the amount due to him on the son's account should be credited as a payment for the balance due on the plaintiff's account against him. The clerk did as requested by the defendant and gave him a receipt for the account. On reporting his action to the plaintiff, the plaintiff immediately disaffirmed the action of the clerk, of which the defendant was immediately notified by the clerk and he surrendered to the clerk the receipt.

The claim of the defendant was clearly within the first section of chapter 59, Revised Statutes. If the plaintiff ever made the promise as claimed by the defendant no legal liability was created thereby. It can not be said in this case that the promise has been executed. All the evidence negatives any such execution. There was no evidence of payment or of set-off sufficient to defeat plaintiff's right of recovery for the balance due on his account, and the circuit court erred in not excluding from the jury all of the evidence offered by the defendant, and in not instructing the jury to find for the plaintiff the amount of his account less the sum of ten dollars cash paid, and in not granting a new trial. For these reasons the cause is reversed. In the view we take of this case, the defendant presenting no valid defense to the plaintiff's claim, the appellant was entitled to a judgment for the sum of nine dollars and fifty cents and costs. A judgment for that sum is ordered to be entered in this court in favor of the appellant and for the costs of this court and for the costs in the county court and justice's court.